Solomon & Cramer LLP
25 West 39th Street, 7th Floor
New York, New York 10018
(t) 212-884-9102
(f) 516-368-3896

November 26, 2021

<u>Via ECF</u>

Hon. Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In re: Application of JSC BTA Bank For an Order to Conduct Discovery for Use in Foreign Proceedings*, 21 Misc. 824 (GHW) (GWG)

Dear Judge Gorenstein:

This firm is counsel to Ilyas Khrapunov. Mr. Khrapunov is an interested party who intends to intervene in this matter, by way of special appearance, to oppose JSC BTA Bank's (BTA) application pursuant to 28 U.S.C. § 1782 to issue and serve at least 14 subpoenas *duces tecum*. As an initial matter, we wish to bring the following issues to the Court's attention.

1. The action is not properly commenced on an *ex parte* basis. There is no emergency (nor has one been adequately supported). The dispute between these parties has been litigated in courts around the world, including this one, since 2009. Moreover, even if there were a need for secrecy, the proverbial cat is now out of the bag.

2. The evidence submitted by BTA in support of the application is patently deficient. BTA's application is supported by a single declaration submitted by one of its attorneys, who works out of Greenberg Traurig's New Jersey office. The declarant claims to have "personal knowledge" of the events described (most of which occurred in Kazakhstan and in Europe going back to 2005), but does not credibly explain the source of his knowledge. Moreover, the exhibits to the declaration are all unauthenticated hearsay and present an incomplete picture of the dispute.

3. As the Court has already observed (Docket # 9), BTA's subpoenas are improperly overbroad, amounting to an impermissible fishing expedition (*In re Asia Mar. Pac. Ltd.*, 253 F. Supp. 3d 701, 705 (S.D.N.Y. 2015) (denying petition as "unjustified fishing expedition")). More specific deficiencies include:

    a. The subpoenas are predicated on only a skeletal description of certain foreign proceedings, with BTA failing to clearly identify the parties, status, issues, and, critically, how the information will actually be used in each proceeding. The last

    point is fatal to the application under *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 120-122 (2d Cir. 2015) ("Because the Funds failed to show any way that they could put before the foreign tribunals the information they sought to discover, the district court correctly concluded that the information was not 'for use' in a foreign proceeding.")).

   b. The targets and scope of the subpoenas are also a massive overreach. Why these specific intermediary banks?

   c. And the instruction to produce "any and all documents," without limitation as to relevance, subject matter, or time, is patently improper. *Gropper v. David Ellis Real Estate, L.P.*, No. 13-CV-2068, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents ... is inherently overbroad").

4. In sum, the subpoenas appear to be little more than post-judgment asset discovery on a judgment that has not been recognized in the United States (*City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2020 WL 2896683, at *4 (S.D.N.Y. June 1, 2020) (dismissing recognition claim), *reconsideration denied*, No. 15-CV-5345 (AJN), 2021 WL 1180058 (S.D.N.Y. Mar. 29, 2021)).

We respectfully request a conference to discuss an orderly schedule for the presentation and hearing of the issues presented.

Respectfully yours,

/s/Andrew T. Solomon

Andrew T. Solomon
asolomon@solomoncramer.com
(212) 884-9102 ext. 700

Jason Kislin, Esq. (via ECF)