

Jason H. Kislin
Tel (973) 360-7900
Fax (973) 301-8210
kislinj@gtlaw.com

November 30, 2021

**VIA ECF**

Hon. Gabriel W. Gorenstein, Magistrate Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> RE:  *In re Application of JSC BTA Bank for an Order to Conduct Discovery for Use in Foreign Proceedings*, Case No. 21 Misc. 824 (GHW) (GWG)
> **Response to November 19, 2021 Order &**
> **Response to November 26, 2021 Letter from Counsel for Ilyas Khrapunov**

Dear Judge Gorenstein,

We are counsel to JSC BTA Bank, the Applicant in this miscellaneous proceeding for an order to conduct discovery for use in foreign proceedings.  We write to address the questions posed in the Court's November 19, 2021 Order (ECF No. 9, the "Order") regarding the Application and to respond to the letter to the Court filed by counsel for Ilyas Khrapunov on November 26, 2021 (ECF No. 10).

Regarding the Court's Order, first, the proposed subpoenas' limitation to Panolos was intentional (*see* ECF No. 5-1), as Panolos, not Ablyazov or Krapunov, is the target of the discovery sought to attempt to confirm its involvement in the Ablyazov-Khrapunov Money Laundering Scheme.  (*See* ECF No. 5, 11/16/2021 Kislin Decl. ¶¶ 39-51, 54, 59).  To the extent the Kislin Declaration indicated that the application is also seeking the records from the Discovery Targets of Ablyazov and Krapunov, that request is withdrawn.

Second, pursuant to the Court's Order, and consistent with the Kislin Declaration ¶¶ 54 and 59, enclosed as Exhibit A are revised proposed subpoenas (the "Subpoenas") which (1) limit the subpoena requests to the CHIPS and intermediary bank payment messages referenced in the Declaration; and (2) limit the responsive time period to July 20, 2011 or in the alternative, to the "Discovery Targets'" respective applicable document and/or information retention period.  A redline of one of the revised proposed "Schedule A's" to the Subpoenas against the proposed sample submitted with the Application (ECF No. 4-1) is attached for reference as Exhibit B.

---

Hon. Gabriel W. Gorenstein
November 30, 2021
Page 2

As it relates to Mr. Khrapunov's November 26, 2021 letter, and recent one-page motion requesting that he intervene as an interested party (ECF No. 12), that request should be denied. While it is recognized that the target of proposed discovery under Section 1782 may intervene to object and challenge the validity of the request (*see Kuwait Inv. Auth. V. Sarrio S.A.*, 119 F.3d 143, 148 (2d Cir. 1996)), Mr. Khrapunov is not the target of the discovery sought through this Application. Rather, the target is Panolos and the objective is to further BTA's investigation into Panolos to determine whether it can assert claims against Panolos in the UK (or elsewhere). Mr. Khrapunov has failed to articulate, let alone demonstrate, any of the factors that would entitle him to intervene and object to the Subpoenas which are directed at Panolos. As set forth in BTA's moving papers, the public records do not show who owns Panolos. (*See* Kislin Decl. ¶ 41, Exh. 8.) And while BTA has reason to believe that Panolos was used to launder funds related to the Ablyazov-Khrapunov Money Laundering Scheme, Mr. Khrapunov has failed to assert, much less demonstrate, he has any interest in Panolos or standing to object to the Subpoenas on its behalf. Indeed, counsel has only entered an appearance on behalf of Mr. Khrapunov and, thus, Panolos remains unrepresented. Further, Mr. Khrapunov has not shown why discovery into Panolos's information would impact his interests. Accordingly, Mr. Khrapunov's request to intervene should be denied.[1]

Moreover, even if Mr. Khrapunov does claim an interest in Panolos, such facts would further support the need for discovery related to Panolos's involvement in the Ablyazov-Khrapunov Money Laundering Scheme. As set forth in BTA's moving papers, BTA has reason to believe that certain real property in France was purchased by Mr. Khrapunov with funds from the Ablyazov-Khrapunov Money Laundering Scheme and subsequently transferred to Panolos in exchange for the purported cancellation of pre-existing debt. This type of conduct is consistent with money laundering practices, including money laundering already established in the Ablyazov-Khrapunov Money Laundering Scheme, which also used dollar denominated transactions to launder funds stolen from BTA. Accordingly, the discovery sought, records relating to correspondent banking transactions executed by or on behalf of Panolos, is expected to further BTA's investigation into its potential claims against it as another entity participant in the Ablyazov-Khrapunov Money Laundering Scheme.

Mr. Khrapunov's objections to the Subpoenas are without merit. Ex parte proceedings are routinely permitted in § 1782 proceedings. *In re Roessner*, No. 21-mc-513 (RA) (OTW), 2021 U.S. Dist. LEXIS 209511, at *2 (S.D.N.Y. Oct. 29, 2021) ("it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte.") (citations and quotations omitted). Further, ex parte applications are proper in proceedings where there are money laundering allegations at issue, as is the case here. *See id.* (granting application where money laundering at issue in underlying foreign litigation). Further, as noted above and in the Kislin Declaration, the Subpoenas are narrowly tailored to the CHIPS and intermediary bank payment messages relating to Panolos. *In re Invest Bank PSC*, 2021 U.S. Dist. LEXIS 198677, at *1-2 (S.D.N.Y. Oct. 15, 2021) (Gorenstein, M.J.) (granting § 1782 application to issue subpoenas

---

[1] BTA asserts that the Court can reject Mr. Khrapunov's request based on the pleadings now before the Court but it is happy to brief this issue in more detail in response to the motion (ECF No. 12) should the Court believe it is necessary.

Hon. Gabriel W. Gorenstein
November 30, 2021
Page 3

to financial institutions for discovery of wire transfers "to reveal the nature and existence of suspected transactions").

Further, BTA does not require the recognition of any foreign judgments in the United States as a pre-requisite to obtaining the relief sought as part of its Application and Mr Khrapunov is wrong to suggest otherwise. *See In re Arida, LLC*, 2020 U.S. Dist. LEXIS 239397 * 11; 2020 WL 7496355 (S.D.N.Y. Dec. 21, 2020) ("Subsequent to *Euromepa*, courts in this District have concluded that section 1782 relief may properly be granted to take discovery of assets in order to enforce an existing judgment, provided that the applicant has adequately identified the proceeding and demonstrated that the materials sought could be employed to some advantage in the proceeding.").

Finally, as any delay in granting the application assists in facilitating further laundering of assets belonging to JSC BTA Bank, we respectfully request that the Court deny Mr. Krapunov's request to intervene and grant the Application for issuance of the Subpoenas.

We appreciate the Court's attention and should the Court have any further questions or require any additional information, please let us know.

Respectfully submitted,

*/s/ Jason Kislin*

Jason Kislin


Enclosures


cc:     All counsel of record via ECF