UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE: APPLICATION OF JSC BTA BANK       :
FOR AN ORDER TO CONDUCT DISCOVERY  :   Case No. 21 Misc. 824 (GHW)(GWG)
FOR USE IN A FOREIGN PROCEEDING           :
------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW OF INTERVENOR ILYAS KHRAPUNOV IN FURTHER SUPPORT OF OBJECTION TO OPINION AND ORDER

Dated: February 8, 2022

SOLOMON & CRAMER LLP
25 West 39th Street, 7th Floor
New York, New York 10018
T: (212) 884-9102
F: (516) 368-3896
asolomon@solomoncramer.com

*Attorneys for Intervenor Ilyas Khrapunov*

ILYAS KHRAPUNOV, through his counsel, Solomon & Cramer LLP, respectfully submits this reply in further support of his objection to the December 17, 2021 Opinion and Order rendered by Hon. Gabriel W. Gorenstein, U.S.M.J. [Dkt 16], pursuant to Fed. R. Civ. P. Rule 72(a) and 28 U.S.C. § 636(b)(1)(A).

**Reply**

1. In opposition to the objection, BTA first argues that Mr. Khrapunov lacks standing to object to the first element of § 1782, which requires that "(1) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." ECF 21 at 4-5. It contends that because personal jurisdiction is waivable, only the subpoena recipient can raise this objection.

2. If Khrapunov were challenging a subpoena in a pending action in federal court, BTA might have a point. But the question here goes to the Court's statutory authority to assist a litigant before a foreign international tribunal under § 1782. The requirement that the person "reside or be found" in the district is a statutory element, which courts have interpreted as importing the personal jurisdiction standards, *In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 452 (S.D.N.Y. 2018), *aff'd sub nom. In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019). So, the standards are the same, but the questions being answered are different. For § 1782, the issue is whether the Court has statutory authority to issue the discovery. For personal jurisdiction, it is the subpoena recipient's personal liberty interests that are at stake. *See, generally, Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982).[1] Mr. Khrapunov, as an intervening party, clearly has standing to challenge

---

[1] 1. The unreported case that BTA cites for its "personal jurisdiction" argument, Love Grace, Inc. v. Santos, No. 19CV4029NGGJO, 2020 WL 6507328 (E.D.N.Y. Nov. 5, 2020), does not even deal with § 1782.

BTA's prima facie showing under the statute, even if he might not be able to vindicate the banks' liberty interests.

3. According standing to Mr. Khrapunov has a salutary purpose as well. By doing so, it "alleviates the burdens of the person from whom the evidence is sought." *See* Hans Smit, *American Assistance to Litigation in Foreign and International Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited*, [25 Syracuse J. Int'l L. & Com. 1, 17](#) (1998) (arguing against *ex parte* orders under § 1782).

4. BTA's second argument purports to address the "for use" element. BTA, like the Magistrate Court, indulges in the presumption that a U.S. lawyer would know its foreign client's "intentions." ECF 21 at 6. That argument could hold water if the proceedings were in the United States, rather than in a foreign venue, of which the attorney has demonstrated no special knowledge or competence. Moreover, we read the "for use" element as requiring more than a bare statement of the client's intention. Nor is the defect cured because U.S. counsel has uploaded a panoply of hearsay articles, documents, and foreign court orders. These documents may be *authentic* (ok, they are not forgeries), but they say nothing about the whether and how BTA can reasonably use the Panolos bank records in foreign proceedings. This is especially concerning given the generality of BTA's requests. BTA is not seeking specific materials from specific U.S. parties known to have relevant information; rather, BTA is trolling international banks for records, in the speculative hope that it can dredge up something useful for its collection efforts, among other hypothetical goals.

5. As for counsel's lack of personal knowledge, BTA responds by belittling Khrapunov's objection as "ridiculous." ECF 621 at 6. We respectfully disagree. Personal knowledge—a bedrock principle of evidence—is not a rule that is casually ignored.

6. BTA's third argument only reveals how utterly speculative and overbroad its discovery requests really are. Why these banks? BTA explains that it is hunting for "the proceeds of the sale of the Courcheval Property which occurred in 2011" and that those proceeds "*may* have passed through U.S. correspondent banks." ECF 21 at 7-8. Translation: BTA has not a shred of evidence that any of these banks have relevant information from this transaction, which occurred more than a decade ago. It is a classic fishing expedition, which cannot be chartered under the Federal Rules of Civil Procedure and, therefore, should not be sanctioned under § 1782(a). *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) ("a district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure").

7. Finally, BTA argues, as a pure conclusion, that a stay would be prejudicial. This *ipse dixit* of counsel is quite strained given that BTA admits that it is chasing money from a transaction that occurred eleven years ago and, as we have noted, the "cat is out of the bag."

**Conclusion**

The Magistrate Court granted the application of BTA without a complete and reliable record, in service of an unjustifiable fishing expedition, and despite BTA's failure to establish the mandatory threshold requirements under § 1782. It also never even examined the very serious political issues motivating BTA (and its Kazakh sponsors') latest foray into the U.S. courts. These were clear errors and abuses of discretion. This objection must be sustained and the Order reversed.

Dated: New York, New York
February 8, 2022

        SOLOMON & CRAMER LLP
        *Attorneys for Intervenor Ilyas Khrapunov*

        By:   /s/ Andrew T. Solomon
                Andrew T. Solomon
                asolomon@solomoncramer.com

        25 West 39th Street, 7th Floor
        New York, New York 10018
        (t) 212-884-9102